HARRIS, Chief Judge,
dissenting.
I respectfully dissent.
Although I do not wish to further burden law enforcement, the result of the majority opinion, for all practical purposes, renders meaningless the protection provided by section 316.1932(l)(f)(3), Florida Statutes. DUI arrests normally occur during the evening hours when it would be extremely difficult for the defendant to summon, as the statute requires, a “physician, registered nurse or other personnel authorized by a hospital to draw blood or duly licensed clinical laboratory director, supervisor, technologist, or technician ...” to his cell to conduct the test before the evidence of his alcohol level had dissipated.
Since the legislature has mandated that one who has been required by law enforcement to be tested to determine the amount of alcohol in his or her system may, upon request and at his or her own expense, have an independent analysis of such alcohol level, law enforcement has an obligation not to hinder or circumvent that right. I agree with the circuit judge herein that to place one who is allegedly under the influence in a cell, even with access to a phone and a phone book, does not meet that obligation. Indeed, if such person, without assistance, is able to schedule the immediate appearance of one named in the statute to come to his or her cell to administer the test, this act itself should be almost conclusive evidence of his or her innocence of the charge.[1] Even one *1015 whose faculties are impaired has the statutory right to the independent test. The procedures employed in this case deny that right.
It does not appear too great a burden to require law enforcement, upon request, to transport such a defendant to jail via the emergency room of a local hospital in order that the blood can be timely drawn and properly preserved for future testing. Perhaps any additional costs to the system caused by this short delay would be offset by a greater number of pleas to the charges after the defendants have been permitted to confirm the results of the State’s tests.
I agree to certification.
DAUKSCH, W. SHARP and GRIFFIN, JJ., concur.

. The defendant would be demonstrating the ability to remember or the ability to determine a person eligible to perform the test, the ability to “recite the alphabet" at least to the extent of looking up the number, the dexterity required to *1015 dial the numbers in the proper sequence, and the ability to persuade a doctor to make a “cell call.” This would be far more complex and difficult than the normal roadside sobriety test.